**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

DELAWARE
Wilmington

OHIO
Cleveland

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

NEW JERSEY
Cherry Hill
Roseland

NEW YORK
Long Island
New York City

88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: (212) 376-6413
Email: RDLane@MDWCG.com

December 5, 2013

**VIA FEDERAL EXPRESS AND ECF**

Honorable Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

    Re:    Rosa Marquez, et al v. Midland Credit Management, Inc. et al
            United States District Court Eastern District of New York
            Docket No.:  1:13-cv-02838-KAM-RLM
            Our File No.:  40127.00105

Dear Judge Matsumoto:

     My law firm represents Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MF") (collectively referred to as "Midland"), in the class-action suit filed by Plaintiff, Rosa Marquez ("Plaintiff" or "Ms. Marquez").  Pursuant to Your Honor's Individual Rules, Midland seeks a pre-motion conference to address the Motion to Compel Individual Arbitration of Plaintiff's Claims, which Midland intends to file.  Midland notes that it had every intention of filing this motion at the very outset of this case.  However, in order to meet and exceed its burden of proof for the motion, Midland was compelled to rely upon an affidavit provided by the original creditor, T-Mobile, to confirm that Plaintiff was subject to the particular Terms and Conditions properly subjecting Plaintiff to individual arbitration and waiver of her ability to proceed in a class context.  Because T-Mobile is a non-party, it took a good deal of time and effort to secure a declaration from T-Mobile that unequivocally establishes that Plaintiff was subject to the 2004 T-Mobile Terms and Conditions – confirming that Plaintiff waived participation in any class action and that Plaintiff is bound to individual arbitration in the context of her debt obligation lawfully assigned from T-Mobile to Midland.

1

Honorable Judge Kiyo A. Matsumoto
December 5, 2013
Page 2

_____

By virtue of Midland's persistent and good faith efforts to secure an appropriate declaration, Midland has received assurances that it will receive the T-Mobile Declaration before the close of business today.

Therefore, Midland respectfully requests a pre-motion conference relative to Midland's anticipated motion. The basis of Midland's forthcoming motion is as follows:

Plaintiff purchased a T-Mobile cellular telephone and service plan on or about July 28, 2007. As per the standard practice of T-Mobile, Plaintiff was provided with a copy of the Terms and Conditions governing her agreement with T-Mobile. The 2004 Terms and Conditions were provided to Plaintiff with her cellular telephone.

The Terms and Conditions provided that the agreement would become effective when Plaintiff either (a) gave her electronic or written signature, or told T-Mobile orally of her acceptance of the Terms and Conditions; (b) by activating service; (c) by using her T-Mobile device after making a change or addition; (d) by paying for the service or device; or by (e) failing to activate service within 30 days after the purchase of her T-Mobile device. Plaintiff used her T-Mobile device on multiple occasions, thereby agreeing to the Terms and Conditions.

Significantly, the Terms & Conditions to which Plaintiff agreed contained a broad arbitration provision that states as follows:

> **2. MANDATORY ARBITRATION TO RESOLVE DISPUTES/CLASS ACTION WAIVER/JURY TRIAL WAIVER: ARBITRATION.** PLEASE READ THIS PROVISION CAREFULLY. IT MEANS THAT, EXCEPT AS NOTED BELOW, YOU AND WE WILL ARBITRATE OUR DISPUTES. ANY CLAIM OR DISPUTE BETWEEN YOU AND US IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OR THE PROVISION OF SERVICES OR PRODUCTS TO YOU, INCLUDING ANY BILLING DISPUTES ("CLAIM"), SHALL BE SUBMITTED TO FINAL, BINDING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA").
>
> ...
>
> CLASS ACTION WAIVER. WHETHER IN COURT, SMALL CLAIMS COURT, OR ARBITRATION YOU AND WE MAY ONLY BRING CLAIMS AGAINST EACH OTHER IN AN INDIVIDUAL CAPACITY AND NOT AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN A CLASS OR REPRESENTATIVE ACTION. NOTWITHSTANDING SEC. 22, IF A COURT OR ARBITRATOR DETERMINES IN A CLAIM BETWEEN YOU AND US THAT YOUR WAIVER OF ANY ABILITY TO PARTICIPATE IN CLASS OR REPRESENTATIVE ACTIONS IS UNENFORCEABLE UNDER APPLICABLE LAW, THE ARBITRATION

Honorable Judge Kiyo A. Matsumoto
December 5, 2013
Page 3

> AGREEMENT WILL NOT APPLY, AND YOU AND WE AGREE THAT SUCH CLAIMS WILL BE RESOLVED BY A COURT OF APPROPRIATE JURISDICTION, OTHER THAN A SMALL CLAIMS COURT.

The Terms & Conditions also included the following third-party assignment provision:

> **19. Assignment.** We may assign all or part of our rights or duties under the Agreement without such assignment being considered a change to the Agreement, and without notice to you, except to the extent provided by law. We are then released from all liability. You may not assign the Agreement without our prior written consent. Subject to these restrictions, the Agreement will bind the heirs, successors, subcontractors, and assigns of the respective parties, who will receive its benefits.

According to T-Mobile's records, Plaintiff's account went into default on April 23, 2008. Thereafter, on or about April 6, 2012, T-Mobile PCS Holdings, LLC, a subsidiary of T-Mobile, lawfully assigned a portfolio of defaulted accounts, including Plaintiff's account, to Midland. The Bill of Sale and Assignment specifically conveyed T-Mobile's "rights, title and interests in and to" Plaintiff's T-Mobile account.

Under the Federal Arbitration Act ('FAA"), the Court must compel arbitration if it finds that a valid arbitration agreement exists between the parties and the dispute before it falls within the scope of the agreement. See <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626-28 (1985); <u>FFC Partnership, L.P. v. Rosen Partners</u>, 2009 U.S. Dist. LEXIS 86596, *10 *18 (W.D. Pa. Aug. 31, 2009). Federal courts have been clear and consistent in the principal that federal law strongly favors the arbitration of disputes, and requires that Courts rigorously enforce arbitration agreements. <u>AT&T Mobility, LLC v. Concepcion</u>, 131 S. Ct. 1740, 2011 U.S. LEXIS 3367, *18 (April 27, 2011).

Because the underlying T-Mobile debt was incurred subject to the T-Mobile 2004 Terms and Conditions, because these Terms and Conditions were accepted by Plaintiff and because the rights, title and interests concerning Plaintiff's debt were effectively conveyed to Midland. Midland seeks to file a Motion to Compel Individual Arbitration of Plaintiff's Claims.

Honorable Judge Kiyo A. Matsumoto
December 5, 2013
Page 4

---

      Midland submits the following proposed briefing schedule for its anticipated motion: Midland will serve its motion by December 12, 2013. Plaintiff will serve its opposition by January 13, 2014. Midland will serve its reply by January 27, 2014. Midland will file the fully briefed motion via ECF on January 27, 2014.

                                      Respectfully submitted,

                                                /s/

                                        R. David Lane, Jr.

cc:    Shimshon Wexler, Esq.
        William Horn, Esq.