# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

December 5, 2013

Hon. Kiyo A. Matsumoto, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Marquez, et al. v. Midlan Credit Management, Inc., et al.*
        E.D.N.Y. Case No. 1:13-cv-02838-KAM-RLM

Dear Judge Matsumoto,

I am co-counsel for the Plaintiff in the referenced matter. I write pursuant to Your Honor's Individual Practice Rule IV.B to request a pre-motion conference with respect to Plaintiff's desire to file a Fed. R. Civ. P. 23 Motion for Class Certification. The factual and legal basis underpinning Plaintiff's Motion for Class Certification is set forth below.

### *Relevant Factual & Procedural History*

On May 13, 2013, Plaintiff filed this putative class action against Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Defendants"). [Doc. 1]. Plaintiff's complaint alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), by engaging in false, deceptive, and misleading conduct in Defendants' efforts to collect an alleged debt from Plaintiff. [*Id.*]. Specifically, and in relevant part, Plaintiff's complaint alleges the following:

- On or about February 7, 2013, Defendants sent an initial collection letter to Plaintiff that stated "Current Balance $199.55." [Doc. 1 at ¶¶33,38 and Exh. A].

- Also, in the February 7, 2013 letter, Defendants falsely stated "**We will stop applying interest to your account as Soon as you make your first payment.**" [Id. at ¶39].

- Subsequently, on or about March 21, 2013, MCM mailed another collection letter to Plaintiff that again stated "Current Balance $199.55," and again falsely stated, "**We will stop applying interest to your account as Soon as you make your first payment.**" [Doc. 1 at ¶¶41, 46, 47-49, and Exh. B].

Hon. Kiyo A. Matsumoto, U.S.D.J.
*Marquez v. Midland Credit Management, Inc., et al.*
December 5, 2013
Page 2

- Plaintiff contends that Defendants' February 7, 2013, and March 21, 2013 collection letters are mass produced, computer-generated, letters that violate 15 U.S.C. §§ 1692e in that Defendants falsely state they will stop adding interest to the alleged debt when, in fact, Defendants' company policy is to never add interest. [*Id.* at ¶¶ 37, 40, and 45-53]. Defendants admitted these facts during discovery in this case.

Plaintiff's complaint seeks only to certify the following class:

All natural persons in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibits A & B (to Plaintiff's complaint)* that was not returned as undeliverable in connection with Defendants' attempt to collect a debt described as a T-Mobile account purchased by Midland Funding, LLC which written communications violate the FDCPA during a period beginning May 13, 2012 and ending June 3, 2013.

[Doc. 1, ¶ 56]. The Defendants further admitted in discovery that there are more than 10,000 consumers who meet the foregoing class definition.

### *Legal Basis for Class Certification*

As noted above, Plaintiff has already obtained sufficient evidence to establish each element and meet the requirements for class certification in this case.

One of the primary purposes of the class action procedure is to promote judicial economy and efficiency by avoiding multiple adjudications of the same issues. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). Thus, as Your Honor is aware, the Court must determine whether to certify an action as a class action "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). That time is now, as Plaintiff has obtained sufficient discovery at this stage of the litigation to satisfy the requirements of Fed. R. Civ. P. 23(a) and to fit within the parameters of Fed. R. Civ. P. 23(b)(3). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); see also, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992). To wit:

- <u>Numerosity</u>: The class having more than 10,000 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See, Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient).

- <u>Commonality</u>: The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The class members

Hon. Kiyo A. Matsumoto, U.S.D.J.
*Marquez v. Midland Credit Management, Inc., et al.*
December 5, 2013
Page 3

> have identical legal claims based upon a standardized collection letter sent by Defendant to the Plaintiff and each class member.

- Typicality. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). See also, *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality).

- Adequacy: Plaintiff's counsel is experienced in class action and FDCPA litigation, and Plaintiff has no interests that are antagonistic to the class members.

- Predominance and Superiority. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). "[C]ases regarding the legality of **standardized documents** and practices often result in the predomination of common questions of law or fact and are, therefore, generally appropriate for resolution by class action." (Emphasis added). *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 458 (E.D.N.Y 1996). Both of these requirements are satisfied in the present case as this case as it involves the legality of Defendant's standardized collection letter.

Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 458 citing *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Such is, and should be, the result in this case.

In light of the foregoing, Plaintiff respectfully requests that Your Honor schedule a conference to set a briefing schedule on Plaintiff's motion for class certification.

Very truly yours,
*s/William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:     All Counsel of Record *via ECF Filing*